**Jesse GOURLEY, Jr., Appellant–Respondent,**

v.

**L.Y., Appellee–Petitioner.**

**No. 37A03–9506–CV–190.**

Court of Appeals of Indiana.

Nov. 16, 1995.

Transfer Denied April 3, 1996.

Steven M. Bush, Millbranth and Bush, Valparaiso, for appellant.

Pamela Carter, Attorney General, Frances Barrow, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

STATON, Judge.

Jesse Gourley, Jr. ("Gourley") appeals the judgment of the trial court denying his motion to vacate the judgment of paternity previously entered against him in an action commenced by L.Y. Gourley presents one (restated) issue for appellate review: whether the trial court erred in denying Gourley's T.R. 60(B)(6) motion.

We affirm.

The relevant facts reveal that on December 14, 1982, L.Y. gave birth to a daughter, P.J.Y. On May 2, 1984, L.Y. instituted proceedings to establish Gourley as P.J.Y.'s father. Gourley failed to appear in the paternity proceedings. On July 19, 1984, the trial court adjudged him P.J.Y.'s father and ordered him to pay child support.

Despite the court's order, Gourley failed to pay child support. On December 28, 1994, the Jasper County Prosecutor initiated contempt proceedings against Gourley, seeking enforcement of the support order and payment of the arrearage. In response, Gourley filed a motion under Ind.Trial Rule 60(B)(6) to vacate the July 19, 1984 judgment of paternity, on the basis that it was void. The trial court denied Gourley's motion. Gourley filed a motion to correct error which was also denied, and this appeal ensued.

The grant or denial of a motion for relief from judgment is within the sound discretion of the trial court, and we will reverse only for abuse of that discretion. Ind.Trial Rule 60; *Dusenberry v. Dusenberry* (1993), Ind.App., 625 N.E.2d 458, 460. T.R. 60(B)(6) permits a trial court to grant relief from a void judgment " 'upon such terms as are just.' " *Stolberg v. Stolberg* (1989), Ind.App., 538 N.E.2d 1, 3 (quoting T.R. 60(B)). A judgment is void when the trial court lacked either personal or subject matter jurisdiction in the cause. *Dusenberry, supra,* at 461–462.

Gourley contends that the 1984 order establishing his paternity of P.J.Y. is void because the trial court lacked personal jurisdiction over him. Specifically, Gourley contends that he was an infant at the time he was served with the paternity complaint, and that as a result, service was ineffectual because the procedure described in Ind.Trial Rule 4.2(A) was not followed.[1] It is undisputed

---

1. This rule provides:

   Service upon an individual known to be an infant shall be made upon his next friend or guardian ad litem, if service is with respect to the same action in which the infant is so represented. If there is no next friend or guardian ad litem, service shall be made upon his court-appointed representative if one is known and can be served within this state. If there is no court-appointed representative, service shall be made upon either parent known to have custody of the infant, or if there is no parent, upon a person known to be standing in the position of custodian or parent. The infant shall also be served if he is fourteen (14) years of age or older. In the event that service, as provided above, is not possible, service shall be made on the infant.

   T.R. 4.2(A).

that Gourley was personally served with the paternity complaint on May 19, 1984, and that he was seventeen years of age on that date. IND.CODE § 1–1–4–5(6) defines an infant as "a person less than eighteen (18) years of age." Thus, for purposes of the Indiana Trial Rules, Gourley was an infant when he was served with the complaint, and additional service upon his next friend was required by T.R. 4.2(A). Because his next friend was not served, service was defective. However, our inquiry does not end here. We must next determine whether this defect in service deprived the trial court of personal jurisdiction over Gourley, rendering the judgment of paternity void.

Ind.Trial Rule 4.15(F) provides that "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." This rule exists to " 'avoid challenges to service of process based upon technical defects.' " *Overhauser v. Fowler* (1990), Ind.App., 549 N.E.2d 71, 73 (quoting 1 W. HARVEY, INDIANA PRACTICE § 2 at, 300 (1987)).

We believe this section is particularly applicable to the circumstances of this case, in which Gourley was personally notified of the action, the name of the court, and the necessity of a response. T.R. 4.2 requires personal service on an infant defendant, in addition to his next friend or guardian ad litem, if the defendant is at least fourteen years old. This requirement makes clear that the drafters of T.R. 4.2 considered infants who are at least fourteen years old capable of recognizing the importance of a court summons.[2] Gourley was seventeen years old when he was served with the paternity complaint; he does not argue that he was unable to understand his obligations under the summons. That his parents were not

also served under these circumstances was a technical defect that did not deprive the court of personal jurisdiction over him.

Moreover, personal jurisdiction over a party will obtain by any method of service which comports with due process. *Washington v. Allison* (1992), Ind.App., 593 N.E.2d 1273, 1275. The minimal requirements of due process require only that notice be served in a manner reasonably calculated to inform the defendant of the pending action. *Id.* Gourley received actual notice of the paternity action by service of a summons and complaint at his residence; the record reveals his signature on the certified mail return receipt. Considering these circumstances in light of T.R. 4.15, we conclude that service in this case met the minimal requirements of due process.

Because the trial court had personal jurisdiction over Gourley when it adjudicated this matter, its judgment is not void. Accordingly, the trial court acted within its discretion in denying Gourley's T.R. 60(B)(6) motion.

Affirmed.

GARRARD and SULLIVAN, JJ., concur.

---

2. This intent is made more evident by comparing T.R. 4.2(A) with T.R. 4.2(B), which governs service upon incompetents. At no time does T.R. 4.2(B) require service upon the incompetent individual. In addition, when service upon a next friend, guardian ad litem, or court appointed representative is not possible, T.R. 4.2(A) permits service upon the infant only. Again, T.R. 4.2(B) contains no such corresponding provision. By examining these provisions together, we can infer that the drafters of T.R. 4.2 considered infants capable of accepting service on their own behalf if circumstances warrant, while incompetents are not.