Tony A. DOYLE, Appellant–Defendant,

v.

Lana G. BARNETT, Appellee–Plaintiff.

No. 72A01–9504–CV–119.

Court of Appeals of Indiana.

Nov. 28, 1995.

Transfer Denied May 8, 1996.

Linda Y. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, for Appellant.

Joseph Leon Payne, Austin, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Tony A. Doyle appeals the trial court's denial of his Ind.Trial Rule 60(B) motion which sought to set aside a default judgment entered against him. Specifically, Doyle argues that: 1) he did not receive proper service of appellee-plaintiff Lana G. Barnett's summons and complaint as required by Ind.Trial Rule 60(B)(6) and 2) the trial court abused its discretion in denying his motion to set aside the default judgment where he had a meritorious defense to the complaint.

### FACTS

The facts most favorable to the judgment reveal that on March 20, 1993, Doyle and Barnett were involved in a one-car accident in which Doyle's car left the road and overturned. As a result of the accident, Barnett suffered injuries. Barnett filed a complaint against Doyle on February 15, 1994. On February 18, 1994, the Sheriff delivered the summons and complaint to 2324 Lombardy Drive, Clarksville, Indiana. The return of service indicates that the summons and complaint were left with Doyle's father, who stated that Doyle was out of town but that he would attempt to contact him. When Doyle did not answer the complaint within twenty days, Barnett filed a motion for default judgment which the court granted after a hearing on April 22, 1994. The trial court awarded Barnett $100,000 in damages.

On May 24, 1994, Doyle filed a motion to set aside the default judgment. The trial court held a hearing, in which Doyle argued that he did not receive proper service and that he had a meritorious defense to the complaint. On August 3, 1994, the trial court denied Doyle's motion to set aside the default

judgment. Thereafter, Doyle filed a motion to correct errors, which the trial court denied following a hearing on November 29, 1994.

## DISCUSSION AND DECISION

### 1. Service of Process

Doyle first contends he was entitled to have the default judgment set aside pursuant to T.R. 60(B)(6) because he did not receive proper service of Barnett's complaint. Specifically, Doyle argues: 1) he was not served with a summons and complaint at his dwelling house or usual place of abode as required by Ind.Trial Rule 4.1(A) and 2) the service was not sent by first class mail to his last known address as required by Ind.Trial Rule 4.1(B). As a result, Doyle argues that the trial court lacked personal jurisdiction over him and therefore, the default judgment is void.

■ T.R. 4.1(A) sets forth the methods by which an individual can be served. One of those methods is by "leaving a copy of the summons and complaint at his dwelling house or usual place of abode." T.R. 4.1(A)(3). What is or is not a party's dwelling house or usual place of abode within the context of T.R. 4.1 is a question that turns on the particular facts of each case. *Grecco v. Campbell* (1979), 179 Ind.App. 530, 533, 386 N.E.2d 960, 962. Doyle argues that he was not properly served because he did not live at his father's residence, 2324 Lombardy Drive, Clarksville, on the date Barnett's summons and complaint were served to that location; thus, it was not his dwelling house or usual place of abode. The trial court, however, in its order denying Doyle's motion to set aside default judgment, found that Doyle's father's residence was Doyle's dwelling house

or usual place of abode. In its ruling, the trial court relied primarily on IND.CODE § 9–24–13–4[1] and the Bureau of Motor Vehicle (BMV) records, which listed Doyle's address as that of his father's. We agree with Doyle that the trial court was incorrect in relying solely upon the BMV records to determine Doyle's dwelling house or usual place of abode.[2] Nonetheless, we find that Doyle received proper service of Barnett's complaint.

■ The record of the hearing on Doyle's motion to set aside the default judgment reveals that Doyle received all of his mail at his father's address and listed his father's address on the accident report. Record at 109, 122. Doyle's insurance company also maintained Doyle's address as that of his father, as evidenced by their records. R. at 105–06. Additionally, both at the time service was attempted and at the time Doyle sought to set aside the default judgment, the address listed on his driver's license was that of his father. R. at 109. Based on the totality of this evidence, we find that it was within the trial court's discretion to determine that Doyle's father's address was Doyle's usual place of abode, and because Barnett's complaint was delivered to that address, that Doyle received proper service of the complaint.

■ Nevertheless, Doyle argues he did not receive proper service because the Sheriff did not comply with T.R. 4.1(B), which provides that if service is attempted by leaving a copy of the summons and complaint at a defendant's dwelling house or usual place of abode, the person making service must send, by first class mail, a copy of the summons without the complaint to the last known

---

1. Although the trial court cited IND.CODE § 9–24–13–1 in its order, it is clear from the court's discussion that the court intended to refer to I.C. § 9–24–13–4, which provides:

   If: (1) an individual holding a license or permit issued under this article moves from the address where the licensee or permittee resided at the time the license or permit was granted to the licensee or permittee; ... the licensee or permittee shall immediately notify the bureau in writing of the licensee's or permittee's old and new address....

2. We specifically decline to adopt the trial court's argument, which is based on two New York cases, that Doyle's failure to notify the BMV of a change in his address estopped him from denying that the address on his license was his dwelling house or usual place of abode. *See Sherrill v. Pettiford* (1991), 172 A.D.2d 512, 567 N.Y.S.2d 859; *McNeil v. Tomlin* (1981), 82 A.D.2d 825, 439 N.Y.S.2d 430. The address on a defendant's driver's license remains but one of many factors a court may consider in determining the location of a person's dwelling house or usual place of abode.

address of the person being served. In the instant case, the Sheriff delivered a summons and Barnett's complaint to Doyle at his last known address by leaving the complaint with his father, who stated that Doyle was out of state but that he would attempt to contact him. R. at 9. Service was not attempted by sending the summons by first class mail as required by T.R. 4.1(B). Doyle, however, failed to raise this argument in the trial court and has, thus, waived any error for purposes of appeal.

Furthermore, during the hearing on Doyle's motion to correct error, Doyle's counsel conceded that had Doyle been living at his father's address, service was properly made. R. at 127. As we determined above, the trial court correctly found Doyle's father's address to be his dwelling house and usual place of abode. Therefore, by Doyle's own admission, he received proper service of Barnett's complaint.

### 2. Abuse of Discretion

Having determined that Doyle received proper service of Barnett's complaint, we now must determine whether the trial court abused its discretion in denying Doyle's motion to set aside the default judgment. Doyle argues that he was entitled to have the default judgment set aside pursuant to Ind.Trial Rule 60(B)(1), which provides that the court may relieve a party from a default judgment for mistake, surprise, or excusable neglect.

The trial court has considerable discretion in entering a judgment of default. Thus, the trial court's decision denying relief from the default judgment will be reversed only upon a showing of a clear abuse of that discretion. *Taco Bell Corp. v. United Farm Bureau Mut. Ins. Co.* (1991), Ind.App., 567 N.E.2d 163, 165, *trans. denied.* That is, we will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Myers v. Myers* (1990), Ind., 560 N.E.2d 39, 42.

To succeed on a motion to set aside default judgment under T.R. 60(B)(1), a defendant is required not only to show that the default judgment was the result of mistake, surprise or excusable neglect, but also to show a meritorious defense. *Cornelius v. State* (1991), Ind.App., 575 N.E.2d 20, 21, *trans. denied.* The movant must make a prima facie showing that a different result would be reached if the case were tried on the merits. *Vanjani v. Federal Land Bank of Louisville* (1983), Ind.App., 451 N.E.2d 667, 669.

At the hearing on his motion to set aside the default judgment, Doyle argued that it was his belief that a temporary spare tire he had placed on his vehicle caused his car to be pulled off the road, thus causing the accident. R. at 108. Despite this argument, the trial court found that Doyle had failed to present a meritorious defense. R. at 40. We agree. Doyle's argument that the quality or placement of his spare tire caused the accident does not diminish his own liability for placing the allegedly defective tire on the car. Thus, Doyle has failed to present a meritorious defense that would relieve him from liability for Barnett's injuries. As a result, he is not entitled to relief from the default judgment.

Finally, Doyle argues he is entitled to relief because of the excessive damages awarded by the trial court, particularly in light of the evidence presented by Barnett regarding her medical bills.[3] Our review of a damage award is limited to a determination of whether the award is within the scope of the evidence before the trial court. *Baker v. Champion Motor Home Co., Inc.* (1987), Ind. App., 505 N.E.2d 144, 148, *trans. denied.* During the default hearing, Barnett presented evidence that she was ejected from the vehicle during the accident and suffered injuries requiring her to receive 78 stitches to her head. R. at 48–49. Additionally, she testified that one of her toes was severed and had to be reattached. R. at 47. As a result of the accident, Barnett suffers from head-

---

**3.** Although Doyle has not specifically argued that the evidence was insufficient to support the trial court's award of damages, it appears as though he is challenging the amount of the award for this reason. Thus, we will address this argument.

aches and dizziness, and must use glasses to read. R. at 50–51. Based on this evidence, we cannot say the trial court erred in awarding Barnett $100,000 in damages.

Judgment affirmed.

SHARPNACK, C.J. and STATON, J., concur.