Philip P. HILL, Appellant–Defendant,

v.

Daniel E. RAMEY and Christina L. Ramey, Appellees–Plaintiffs.

No. 40A01–0005–CV–166.

Court of Appeals of Indiana.

Feb. 19, 2001.

Jason J. Pattison, Rogers & Dove, North Vernon, IN, Attorney for Appellant.

## OPINION

MATTINGLY, Judge.

Philip P. Hill appeals the trial court's denial of his Motion for Relief from Order pursuant to Trial Rule 60(B)(6). We reverse.

### FACTS AND PROCEDURAL HISTORY

On April 16, 1999, Daniel and Christina Ramey filed a Petition for Temporary Protective Order and Notice of Filing P.O. (Protective Order) with the Jennings Superior Court.[1] A temporary protective order was issued, and the trial court scheduled a hearing on the Protective Order for April 28, 1999.

On April 20, 1999, the Jackson County Sheriff's Department placed a copy of the Protective Order and summons addressed to Hill in the door of the house in Seymour, Indiana, where Hill's parents lived.[2] On April 28, 1999, a hearing on the Protective Order was held. Hill did not appear, and a "Permanent Protective Order" was issued.[3] (R. at 9.)

After receiving a letter from Christina Ramey complaining that Hill had violated the Protective Order, the trial court issued an "Order to Set for Hearing" for July 21, 1999. Service on Hill was again attempted at the Seymour address; this time, however, sheriff's deputies spoke with Hill's father, who advised that Hill was residing in Louisville, Kentucky. The trial court acknowledged that no service had been obtained on Hill and the hearing was reset for August 11, 1999. The Order resetting

---

1. The Petition filed with the court was a "form" petition, and refers to Indiana Code § 34–4–5.1–1 *et seq.* as its supporting code sections. This is incorrect, as those sections were repealed in 1998, before the filing of the Protective Order. The statute now governing protective orders is Indiana Code chapter 34–26–2. The revision of the controlling statutes does not affect our analysis.

2. At some point, Hill's mother returned the Protective Order and summons to the court with this note attached: "Placed in door at 211 W. Harrison—person does not reside at this address." (R. at 5.) Since the returned summons and Protective Order do not have "received" date stamps, it is not known whether these documents were received by the court before or after the April 28, 1999, hearing on the Protective Order.

3. In addition to the usual protective order terms, Hill's child visitation arrangements were modified in that he was ordered to pick up the children at the Jennings County Jail.

the hearing designated Hill's Louisville address.[4]

In March of 2000, Hill filed a Motion for Relief from Order, asking that the Protective Order issued by the court on April 28, 1999, be set aside. After a hearing, the trial court denied Hill's motion.[5]

## DISCUSSION AND DECISION

At the outset, we note that the Rameys did not submit an appellee's brief. In such a situation, we do not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error. *Fisher v. Board of Sch. Trustees*, 514 N.E.2d 626, 628 (Ind.Ct. App.1986). *Prima facie*, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App. 1985). Where an appellant is unable to meet that burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind.Ct.App. 1986).

Hill moved into an apartment in Louisville, Kentucky, in December of 1998. Because the Seymour, Indiana, address was not his "dwelling house or usual place of abode," [6] he claims proper service was not obtained, and the court was without personal jurisdiction to issue the April 28, 1999, Protective Order. At the hearing on Hill's motion for relief, he introduced into evidence a copy of his lease, a copy of a Kentucky driver's license showing the Louisville address, and copies of rent receipts and a cancelled check.

Also at the hearing, Hill, his mother, and his father testified that Hill did not live at the Seymour, Indiana, house in April of 1999. Hill testified that he told Christina Ramey in December of 1998 that he had moved to Louisville. Hill's mother testified that if mail came to the house for Hill, she kept it for him until he picked it up. She did not remember whether a letter from the court to Hill had come to the Seymour, Indiana, address.

Christina Ramey testified that Hill had not told her he had moved to Louisville, and that his last known address was the Seymour, Indiana, address.

The trial court issued Findings of Fact and Conclusions of Law at Hill's request. The Conclusions of Law read:

A. Trial Rule 4.1(B) Copy Service To Be Followed With Mail. Whenever service is made under Clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail a copy of the summons without the complaint to the *last known address of the person being served,* and this fact shall be shown upon the return.

1. Deputy Wayman left the paper pursuant to Trial Rule 4.1(A)(3) and mailed a copy by first class mail pursuant to Trial Rule 4.1(B).

2. Proof of mailing was done by placing an "X" on line after 'copy also mailed'.

---

4. A second Order reset the hearing for September 1, 1999. On August 31, 1999, an attorney filed a motion for continuance on Hill's behalf. However, that attorney never filed an appearance. As a result of the motion for continuance, the hearing was reset for October 6, 1999. Since the Chronological Case Summary is not included in the record, it is not known whether this hearing was held.

5. We note that Hill's Motion for Relief might normally be moot, as a protective order, unless renewed, expires after one year. However, the record and brief indicate that there were criminal actions filed against Hill for violating the Protective Order. We do not address the accuracy of this indication, other than to comment that in light of this information we will treat this issue as one that is not moot.

6. Ind. Trial Rule 4.1(A)(3) provides that service may be made upon an individual by leaving a copy of the summons or complaint at the individual's dwelling house or usual place of abode.

B. The Petitioner, Christina Ramey, stated she believed the Respondent was still living with his parents in April, 1999, and did not know he had moved to Louisville until July, 1999.

C. Therefore Ms. Ramey believed the Respondent's last known address was at his parent's residence. This is where the papers were served by Deputy Wayman and where he sent a copy by first class mail.

D. Mrs. Carol Hill testified she kept first class mail sent to Phillip Hill at 211 W. Harrison Drive, Seymour, Indiana, for him to pick up.

E. Also, Sarah Hill signed for Philip Hill's certified mail in a criminal case. This certified mail was sent to his parent's address. This obviously got to Philip because he hired an attorney and appeared for a hearing on August 31, 1999.

F. The Respondent testified that he provided the Petitioner with his Louisville, Kentucky telephone number in December, 1998, and she had called him. The Petitioner denied this happened.

G. The Petitioner had no reason to lie about knowing the Respondent's location. Once she learned that the Respondent moved to Kentucky in July, 1999, she tracked him down and reported this new address to the Court in order to get a contempt hearing.

(R. at 47–48.) (Emphasis in original.)

 A judgment rendered without personal jurisdiction is void. *Stidham v. Whelchel,* 698 N.E.2d 1152, 1156 (Ind. 1998).[7] In light of our standard of review which requires a showing only of *prima facie* error, we believe this case to be controlled by *Mills v. Coil,* 647 N.E.2d 679 (Ind.Ct.App.1995), and so find that the Protective Order is void for lack of personal jurisdiction.

 In *Mills,* the plaintiff attempted service on the defendant at the defendant's last known address. The plaintiff was unaware that the defendant had moved out of the state three months before service was attempted. The court issued a default judgment, which it later set aside. We upheld the trial court's ruling, finding that "[s]ervice upon a defendant's former residence is insufficient to confer personal jurisdiction."[8] *Id.* at 681.

 Even if Hill eventually received the summons and motion for protective order the Sheriff mailed to him at the Seymour address, such receipt does not, without more, guarantee sufficient service. "The mere fact that the defendant has knowledge of the action will not grant the court personal jurisdiction." *Barrow v.*

---

7. A defendant can waive the lack of personal jurisdiction and submit himself to the jurisdiction of the court if he responds or appears and does not contest the lack of jurisdiction. *Stidham,* 698 N.E.2d at 1155. The motion for continuance filed by an attorney on Hill's behalf does not demonstrate a waiver, as that attorney never entered an appearance for Hill in this case.

8. The dissent, relying on *Kelly v. Bennett,* 732 N.E.2d 859 (Ind.Ct.App.2000), would find service was effected "in substantial compliance with Trial Rule 4.1 by leaving a copy of the summons and petition *at what the Ramseys believed to be* Hill's dwelling house...." (Emphasis supplied.) In *Kelly* we addressed the rule governing service on a *business address* and not the rule governing the case before us. Furthermore, we did not reach the issue whether the address to which the summons and complaint was a valid business address for the defendant. In *Kelly,* we found service insufficient where the summons and complaint was left by the sheriff at the defendant's business address but was not personally served or properly mailed in accordance with T.R. 4.1(A)(1).

We acknowledge that the determination of what is or is not a person's dwelling house or abode turns on the particular facts of each case. *Doyle v. Barnett,* 658 N.E.2d 107, 109 (Ind.Ct.App.1995). However, we must decline to adopt the purely subjective standard suggested by the dissent, under which a plaintiff's "belief," without more, would determine the location of a defendant's dwelling house for Rule 4.1 purposes.

*Pennington,* 700 N.E.2d 477, 479–80 (Ind. Ct.App.1998).

 Finally, we note that the Protective Order entered by the court contained a provision that purported to modify Hill's child visitation arrangements. Even if Hill actually received the Rameys' Petition for Protective Order, the visitation arrangements were modified without notice to Hill, as the Petition does not address visitation. This modification is also improper because the order includes no finding that modification would serve the child's best interests. Ind.Code § 31–17–4–2.

Reversed.

MATHIAS, J., concurs.

ROBB, J., dissents with opinion.

ROBB, Judge, dissenting.

I respectfully dissent from the majority's conclusion that the Protective Order issued against Hill is void for lack of personal jurisdiction due to the failure of service. Because I believe the service attempted by the Rameys was reasonably calculated to inform Hill of the pending petition for protective order, I believe that the Protective Order was valid and the trial court properly denied Hill's motion for relief from judgment.

Our review of a trial court's decision on a motion for relief from judgment pursuant to Trial Rule 60(B) is limited to determining whether the trial court abused its discretion. *Merkor Mgmt. v. McCuan,* 728 N.E.2d 209, 211 (Ind.Ct.App.2000). Thus, we will reverse the judgment only if it goes against the logic and effect of the facts or the trial court has misinterpreted the law. *Id.* Further, we will not reweigh the evidence, and we give the trial court's order substantial deference. *Id.* I note that the case relied upon by the majority was in a procedural posture opposite from that presented here. In *Mills,* the trial court had *granted* the defendant's motion for relief from judgment, and thus we were required to give deference to the trial court's grant of relief. In this case, we have the opposite situation: the trial court denied the motion for relief, and thus, we owe that determination deference on appeal. I therefore do not believe that the result in *Mills* is dispositive of the issue before us.

Personal jurisdiction over a party can be obtained by any method of service which comports with due process. *Gourley v. L.Y.,* 657 N.E.2d 448, 450 (Ind.Ct.App. 1995). "The minimal requirements of due process require only that notice be served in a manner reasonably calculated to inform the defendant of the pending action." *Id.* Trial Rule 4.15 reflects these minimal requirements: "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him . . . ."

In this case, the trial court found, and there was evidence to support the finding, that the Rameys believed, at the time the petition for protective order was filed, that Hill lived at the address to which they addressed service. Hill did at that time and continues to receive mail at that address, despite no longer residing there. Moreover, there was no evidence, including Hill's own testimony, that Hill told the Rameys he had moved from that address. Accordingly, the trial court determined that the sheriff's act of leaving a copy of the summons and petition at Hill's last known address, followed by mailing copies to the same address, was sufficient service. *See* T.R. 4.1(A)(3) and (B). Pursuant to our standard of review, I cannot say that such determination was an abuse of the trial court's discretion.

I would also note that I believe the legal reasoning of the most recent case from this court to deal with the issue of service, despite reaching the opposite conclusion, supports my position. *Kelly v. Bennett,* 732 N.E.2d 859 (Ind.Ct.App.2000). In *Kelly,* the plaintiffs filed a complaint for medi-

cal malpractice against the defendant, and requested that the summons and complaint be served upon the defendant by Sheriff at his office address. The Sheriff left copies of the summons and complaint at the office address and also mailed copies to that address. The defendant did not answer the complaint within the required thirty days, and a default judgment was entered for the plaintiffs. The defendant filed a motion to set aside the default judgment, which the trial court denied. This court reversed the trial court, holding that the plaintiffs' means of service were insufficient pursuant to Trial Rule 4.1 because

> the prescribed means of service at a business address are: personal service, registered or certified mail, or some other means of mailing with a written acknowledgement of receipt. Service by Sheriff under the circumstances would have been appropriate only if [the defendant] or his agent had been personally served or if a copy of the summons and complaint had been left at his dwelling house or usual place of abode.

*Id.* at 861. We noted that Trial Rule 4.15 "does not operate to render service sufficient despite noncompliance with Trial Rule 4.1. 'Trial Rule 4.15(F) only cures technical defects in the service of process, not the total failure to serve process.'" *Id.* at 862 (quoting *LaPalme v. Romero,* 621 N.E.2d 1102, 1106 (Ind.1993) (footnote omitted)). I acknowledge that the facts of *Kelly* are different from those presented here, in that the service in *Kelly* was to be effected upon a business address, as opposed to a private address. However, as stated above, I believe the legal reasoning of *Kelly* is equally applicable to this case. Here, service was effected in substantial compliance with Trial Rule 4.1 by leaving a copy of the summons and petition at what the Rameys believed to be Hill's dwelling house followed by sending copies to Hill's last known address. This is not, as the majority suggests, a purely subjective standard, in that the evidence supported the Rameys actions: Hill had lived at that address, he still received mail at that address, and he had not told the Rameys that he had moved from that address. I believe this is exactly the situation for which Trial Rule 4.15 was designed, and thus, I believe Trial Rule 4.15 is appropriately applied in this case. Accordingly, I would affirm the trial court's denial of Hill's motion for relief from judgment.[9]

---

9. I note that I concur with the majority regarding the lack of notice regarding modifica- tion of Hill's child visitation arrangement.