Jim **NORRIS**, Appellant–Defendant,

v.

**PERSONAL FINANCE,**
Appellee–Plaintiff.

No. 27A04–1104–SC–183.

Court of Appeals of Indiana.

Nov. 21, 2011.

---

Annette Biesecker, Abhishek Chaudhary, Indiana Legal Services, Inc., Indianapolis, IN, Attorneys for Appellant.

## OPINION

CRONE, Judge.

### Case Summary

Personal Finance gave Jim Norris a loan. Norris failed to make payments on the loan, and Personal Finance filed a notice of claim against Norris in small claims court. A copy of the notice of claim was delivered by the sheriff to Norris's parents' address, and another copy was sent to that address by first-class mail. Norris failed to appear at the hearing on Personal Finance's claim, and the trial court entered default judgment against him. Norris filed a motion for relief from judgment, arguing that service of process was inadequate, the trial court lacked jurisdiction over him, and the default judgment was void. Following a hearing on Norris's motion, the trial court found that service to Norris's parents' address was adequate because Norris's parents had a duty under Indiana Trial Rule 4.16 to inform the court that Norris did not live with them. The trial court denied Norris's motion for relief from judgment.

Norris appeals, arguing that the trial court erred in applying Trial Rule 4.16 in this situation. We agree, and therefore reverse the trial court's decision denying Norris relief.

### Facts and Procedural History

On April 15, 2008, Norris received a loan from and signed a promissory note payable to Personal Finance. In the loan documents, Norris listed his home address as West Lincoln Street, Swayzee, Indiana. He also listed his parents as references and gave their home address as South County Road East, Middleton, Indiana, and gave their phone number as an alternative number. The promissory note did not require Norris to notify Personal Finance of a change of address, and he never did so.

On March 17, 2010, Personal Finance filed a notice of claim against Norris in small claims court. On March 31, 2010, the Grant County sheriff delivered a copy of the notice of claim to South County Road East, Middleton, Indiana. The sheriff also sent a copy of the notice of claim to the Middletown address by first-class mail. On April 22, 2010, the trial court held a hearing on Personal Finance's claim. Norris did not appear at the hearing, and the trial court entered default judgment against him.

On February 4, 2011, Norris, by counsel, filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B), alleging that service of process at the Middletown address was inadequate because he did not reside there when the notice of claim was served, and as a result, the court did not have personal jurisdiction over him and the default judgment was void. On March 10, 2011, the trial court held a hearing on the motion for relief from judgment. Norris appeared in person and by counsel. Norris testified that he did not live at his parents' home in March and April of 2010 when service was made, had in fact lived there only a couple of weeks at the end of 2008, and had never given the Middletown address as his home address to Personal Finance. However, the trial court found Norris's testimony "utterly without weight." Tr. at 46.

Personal Finance admitted two exhibits. Both were emails dated April 21, 2010, sent to Personal Finance's attorney from his secretary regarding phone conversations between Norris and the secretary. The first email read, "He just got letter today (as he works out of town) that he has court at 2 re [Personal Finance] debt—he is at the hospital as his sister is having surgery & cannot make court— [Personal Finance] told him to call you to make arrangements." Ex. A. The second read, "He is a [Personal Finance] debtor & wants to pay $1500 today to resolve his matter—is that acceptable?" Ex. B.

Robin Percy, branch manager for Personal Finance, testified that the last known address Personal Finance had for Norris was his Swayzee address and that Norris had never informed Personal Finance of any new home address. Tr. at 34. She testified that Personal Finance knew of Norris's parents' address only because Norris had listed them as a reference on his loan application in 2008. Id. She further testified that "[f]rom previous phone conversations," Norris had stated that he was living with his parents due to the loss of his home in Swayzee. Id. at 36. However, the last time she spoke to Norris was in November 2009. At that time, she called Norris's parents' phone number, which was still listed as an alternative phone number, and Norris answered the phone. Based upon a record of that phone conversation,[1] Percy testified that they discussed the security on his loan and that Norris stated that he would be in the office Friday to pay off the loan. She acknowledged that there was no mention in the record "about him living at the address with his parents" and that "he could have been the only one in the house with the phone." Id. at 38. Finally, she testified that Norris's parents had *not* been appointed as his agents. Id. at 36.

The trial court found that service to Norris's parents' address was proper because his parents had a duty to inform the trial court that Norris was not at that address. The trial court stated, "I still go

---

**1.** The record of the phone conversation was not admitted into evidence and is not in the record before us.

back to the trial rule that, the 4.16 rule about the duty of his parents, whom he listed as reference people. To let the court know, hey, you know our son doesn't live here. You know we're not accepting service[.] ... I think Mr. Norris knew about it. I think he was served properly and ... I want to make it clear that I do think that his parents had a burden to let us know that he wasn't there." *Id.* at 46–47, 48. The trial court denied Norris's motion for relief from judgment and upheld the default judgment against him. Norris appeals.

### Discussion and Decision

■■■ Initially, we note that Personal Finance has not filed an appellee's brief. When the appellee has failed to submit an answer brief we need not undertake the burden of developing an argument on the appellee's behalf. Rather, we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it. Where an appellant is unable to meet this burden, we will affirm.

*Fifth Third Bank v. PNC Bank,* 885 N.E.2d 52, 54 (Ind.Ct.App.2008) (citations and quotation marks omitted).

■■■ This is an appeal from the denial of a motion from relief from judgment pursuant to Indiana Trial Rule 60(B)(6).[2] "[W]hile the decision to set aside a default judgment is largely the province of the trial court, Indiana disfavors default judgments and prefers resolution of a cause on its merits." *King v. United Leasing, Inc.,* 765 N.E.2d 1287, 1289–90 (Ind.Ct.App.

2002). Generally, we review a trial court's ruling on a motion for relief from judgment for an abuse of discretion and will reverse only when its decision is clearly against the logic and effect of the facts and inferences before it. *Munster Cmty. Hosp. v. Bernacke,* 874 N.E.2d 611, 613 (Ind.Ct.App.2007). However, Norris's sole contention on appeal is that the default judgment is void because the trial court lacked personal jurisdiction over him.

> Personal jurisdiction is a question of law. As with other questions of law, a determination of the existence of personal jurisdiction is entitled to de novo review by appellate courts. This court does not defer to the trial court's legal conclusion as to whether personal jurisdiction exists. However, personal jurisdiction turns on facts, and findings of fact by the trial court are reviewed for clear error. Clear error exists where the record does not offer facts or inferences to support the trial court's findings or conclusions of law.

*Grabowski v. Waters,* 901 N.E.2d 560, 563 (Ind.Ct.App.2009), *trans. denied.* In determining whether the trial court's findings of fact are clearly erroneous, we neither reweigh the evidence nor judge witness credibility. *Huber v. Sering,* 867 N.E.2d 698, 706 (Ind.Ct.App.2007), *trans. denied* (2008).

■■■ Norris asserts that the trial court did not obtain personal jurisdiction over him because service to his parents' home was inadequate under the Indiana Trial Rules. "Personal jurisdiction is the court's power to bring a person into its adjudicative process and render a valid

---

2. Indiana Trial Rule 60(B) provides that "the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: ... (6) the judgment is void." A defendant seeking relief from judgment based on reason (B)(6) is not required to allege a meritorious claim or defense. Ind. Trial Rule 60(B). A void judgment is a complete nullity and may be attacked at any time. *Stidham v. Whelchel,* 698 N.E.2d 1152, 1156 (Ind.1998).

judgment over a person." *Keesling v. Winstead*, 858 N.E.2d 996, 1000 (Ind.Ct. App.2006) (citation omitted). Without effective service of process, a trial court does not obtain personal jurisdiction over a defendant. *Goodson v. Carlson*, 888 N.E.2d 217, 220 (Ind.Ct.App.2008). "The existence of personal jurisdiction over a defendant is ... a constitutional requirement to rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Munster v. Groce*, 829 N.E.2d 52, 57 (Ind.Ct.App.2005). Once the party contesting jurisdiction, usually the defendant, challenges the lack of personal jurisdiction, the plaintiff must present evidence of a court's personal jurisdiction over the defendant, but "the defendant ultimately bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless that lack is apparent on the face of the complaint." *LePore v. Norwest Bank Indiana, N.A.*, 860 N.E.2d 632, 634 (Ind.Ct.App.2007).

Indiana Trial Rule 4.1 governs service to an individual and provides as follows:

Service may be made upon an individual, or an individual acting in a representative capacity, by:

(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) *leaving a copy of the summons and complaint at his dwelling house or usual place of abode;* or

(4) serving his agent as provided by rule, statute or valid agreement.

(Emphasis added.) [3]

■■■ Norris asserts that the record is devoid of evidence that his parents' address was his "dwelling house or usual place of abode" in March and April of 2010 when service was attempted. In fact, the trial court did not find that the Middletown address was Norris's dwelling house or usual place of abode.[4] Rather, the trial

3. Indiana Small Claims Rule 3(A) also applies here. It is substantially the same as Trial Rule 4.1, and its standards for service of process are substantially similar. *King*, 765 N.E.2d at 1290 n. 4. Small Claims Rule 3(A) provides,

For the purpose of service the notice of claim shall also be considered to be the summons. A copy of the notice of claim shall be served upon each defendant. Service may be made by sending a copy by certified mail with return receipt requested, or by delivering a copy to the defendant personally, or by leaving a copy at the defendant's dwelling house or usual place of abode, or in any other manner provided in Trial Rules 4.1 through 4.16. Whenever service is made by leaving a copy at defendant's dwelling house or usual place of abode, the person making the service also shall send by first class mail a copy of the notice of claim to the last known address of the person being served.

4. We observe that the question whether an address is a party's dwelling place or usual place of abode is extremely fact-sensitive. *See, e.g., Doyle v. Barnett*, 658 N.E.2d 107, 109 (Ind.Ct.App.1995) ("What is or is not a party's dwelling house or usual place of abode within the context of T.R. 4.1 is a question that turns on the particular facts of the case."); *Poteet v. Bethke*, 507 N.E.2d 652, 654 (Ind.Ct.App.1987) (concluding that address to which summons and complaint was delivered was not defendant's dwelling house or usual place of abode where defendant had permanently left address approximately ten months before service, and therefore service was defective); *Mills v. Coil*, 647 N.E.2d 679, 680–81 (Ind.Ct.App.1995) (concluding that service to defendant's mother's home did not comply with Trial Rule 4.1, where defendant had moved out of mother's home three months earlier with no intention of returning, and stating, "Service upon a defendant's former residence is insufficient to confer personal

court orally found at the hearing that service to Norris was adequate pursuant to Trial Rule 4.16, which reads,

(A) It shall be the duty of every person being served under these rules to cooperate, accept service, comply with the provisions of these rules, and, when service is made upon him personally, acknowledge receipt of the papers in writing over his signature.

(1) Offering or tendering the papers to the person being served and advising the person that he or she is being served is adequate service.

(2) A person who has refused to accept the offer or tender of the papers being served thereafter may not challenge the service of those papers.

(B) *Anyone accepting service for another person is under a duty to:*

(1) promptly deliver the papers to that person;

(2) promptly notify that person that he holds the papers for him; or

(3) within a reasonable time, in writing, *notify the clerk or person making the service that he has been unable to make such delivery of notice when such is the case.*

(Emphases added.)

The trial court concluded that Trial Rule 4.16 applied to Norris's parents and imposed a duty on them to inform the clerk or sheriff that Norris did not live with them. Tr. at 46. Norris argues that Trial Rule 4.16 applies only to those with au-thority to accept service for another person and that his parents did not have such authority. We agree based on our supreme court's decision in *LaPalme v. Romero*, 621 N.E.2d 1102 (Ind.1993), which is dispositive of this issue.

In *LaPalme*, Juan Romero was injured when the car he was driving was struck by a truck driven by Andre LaPalme. The Romeros filed suit against LaPalme and his employer, Danaca Transport LTEE. Both LaPalme and Danaca were served via delivery to the manager of Danaca's legal department. LaPalme did not make an appearance in the case, and the trial court entered default judgment against him. LaPalme filed a motion to set aside judgment. The trial court concluded that he had been duly served and denied the motion.

LaPalme appealed, arguing that service of process upon him was inadequate. Our supreme court agreed, and in so doing presented the following relevant analysis:

The Romeros argue that Danaca was under a duty to inform LaPalme of the lawsuit. This argument assumes that Danaca possessed the legal authority to accept service of process for LaPalme. As concluded above, Danaca had no such authority. We construe the clause in T.R. 4.16(B) that states, "Anyone accepting service for another person ..." to mean anyone *with authority* to accept service for another person. Indeed, the rules impose the duty of cooperation

jurisdiction."), *trans. denied; but cf. Grecco v. Campbell*, 179 Ind.App. 530, 533–34, 386 N.E.2d 960, 962 (1979) (concluding that address to which summons and complaint were delivered was defendant's dwelling house or usual place of abode for purposes of Trial Rule 4.1 where defendant had *temporarily* gone to stay with relatives at time of service); *Doyle v. Barnett*, 658 N.E.2d 107, 109 (Ind.Ct. App.1995) (concluding that evidence supported finding that defendant's father's ad-dress was defendant's usual place of abode, where defendant received all his mail at father's address, listed father's address on accident report, defendant's insurance company maintained defendant's address as that of his father, and address listed on defendant's driver's license was that of his father both at time service was attempted and at time defendant sought to set aside default judgment), *trans. denied* (1996).

upon "every person being served *under these rules.*" T.R. 4.16(A) (our emphasis). The trial rules list those persons having the authority to accept service, such as the individual's agent, T.R. 4.1(A)(3) [now 4.1(A)(4) ]; the Secretary of State, T.R. 4.10; an infant's next friend or guardian ad litem, T.R. 4.2; or with institutionalized individuals, the official in charge of the institution, T.R. 4.3. The employer is not on the list. *Id.* at 1106.

In the case at bar, the sheriff delivered a copy of the notice of claim to Norris's parents' address. Parents of competent adults are *not* included in the list of persons having authority to accept service under our trial rules. Further, Personal Finance did not introduce any evidence to show that Norris's parents were acting as his agents. In fact, Percy testified to the contrary. Tr. at 36. Accordingly, we conclude that the trial court erred in concluding that Trial Rule 4.16 applied to Norris's parents. Service by delivery to Norris's parents' address was not in compliance with Trial Rule 4.1 and thus was ineffective.

 As a final matter, we observe that the trial court found that Norris had actual notice of the hearing, apparently based upon the emails showing that Norris called Personal Finance's attorney the day before the hearing. Norris asserts that " 'the mere fact that the defendant has knowledge of the action will not grant the court personal jurisdiction.' " Appellant's Br. at

10 (quoting *Hill v. Ramey,* 744 N.E.2d 509, 512–13 (Ind.Ct.App.2001)). In *Hill,* service was attempted by placing a copy of the summons and temporary protective order against defendant Hill in the door of the house where his parents lived. A hearing on the protective order was held at which Hill did not appear, and the trial court issued a permanent protective order. Hill filed a motion for relief from judgment pursuant to Trial Rule 60(B)(6), alleging that service was inadequate and the trial court lacked personal jurisdiction over him. The trial court found that the petitioner believed that Hill was still living with his parents and did not know that he had moved. The trial court further found that Hill received the notice sent by certified mail to his parents, and denied Hill's motion for relief. Hill appealed, and as in the instant case, the appellee did not file an answer brief. The *Hill* court held that service by delivery to Hill's parents' home was inadequate, even if Hill eventually received the summons and motion for protective order that the sheriff later mailed to him at his parents' address. *Id.* The *Hill* court therefore reversed the trial court's denial of Hill's motion for relief from judgment.

 We reiterate that because Personal Finance did not file an appellee's brief, Norris is required to present only a prima facie case that the trial court erred in denying his motion for relief from judgment.[5] Given the standard of review in

---

5. Although we do not undertake the burden of developing an argument on the appellee's behalf, we note that Indiana Trial Rule 4.15(F) provides, "No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him." "In evaluating the adequacy of the summons in light of Rule 4.15(F), we bear in mind the constitu-

tional due process protections which a defective summons must nevertheless satisfy." *In re J.H.,* 898 N.E.2d 1265, 1270 (Ind.Ct.App. 2009), *trans. denied.* "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality, is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objec-

this case, we conclude that Norris has met his burden to show that the trial court erred in denying his motion for relief from judgment. Accordingly, we reverse the trial court's judgment.

Reversed.

BAILEY, J., and MATHIAS, J., concur.

tions." *Munster*, 829 N.E.2d at 58. However, Trial Rule 4.15(F) cures only technical defects in service of process, not a total failure to serve process. *LaPalme*, 621 N.E.2d at 1106; *see also Idlewine v. Madison Cty. Bank & Trust Co.*, 439 N.E.2d 1198, 1201–03 (Ind. Ct.App.1982) (holding that Trial Rule 4.15(F) will not cure defective service of process where no person authorized by the rules was actually served); *Kelly v. Bennett*, 732 N.E.2d 859, 862 (Ind.Ct.App.2000) (holding that service to defendant's business address resulted in total failure to serve process, rather than mere technical defect, and thus could not be cured by Rule 4.15(F)), *trans. denied*. If service of process is not reasonably calculated to inform, the mere fact that the defendant has knowledge of the action will not grant the court personal jurisdiction. *Barrow v. Pennington*, 700 N.E.2d 477, 478–79 (Ind.Ct.App. 1998); *see also Overhauser v. Fowler*, 549 N.E.2d 71, 73 (Ind.Ct.App.1990) (" 'actual knowledge of the suit does not satisfy due process or give the court *in personam* jurisdiction.' ") (quoting *Glennar Mercury–Lincoln,*

*Inc. v. Riley*, 167 Ind.App. 144, 152, 338 N.E.2d 670, 675 (1975)); *but cf. Reed Sign Serv., Inc. v. Reid*, 755 N.E.2d 690, 696–97 (Ind.Ct.App.2001) (holding that where defendant received temporary restraining order and had actual knowledge of hearing, technical failure to include summons with TRO did not deprive trial court of personal jurisdiction), *trans. denied* (2002); *Kendall v. Primmer*, 662 N.E.2d 187, 190 (Ind.Ct.App.1996) (holding that Rule 4.15(F) worked to cure deficiencies in service of process in action to enforce a judgment lien on real estate where service was provided at debtor's last residential address known to lienholder because address was used during underlying lawsuit, lienholder's attorney checked county record to verify address information, debtor did receive summons, and residential address was on the former situs of debtor's business). Here, at the hearing the trial court made no comment regarding whether the service of process in this case was reasonably calculated to inform Norris.