## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 15 2018, 9:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| --- | --- |
| James Saylor<br>Carlisle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Andrea E. Rahman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| James Saylor,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 15, 2018<br><br>Court of Appeals Case No.<br>47A04-1611-CC-2641<br><br>Appeal from the Lawrence Circuit Court<br><br>The Honorable Andrea K. McCord, Judge<br><br>Trial Court Cause No.<br>47C01-0411-CC-1357 |

**Vaidik, Chief Judge.**

[1]     In November 2004, the State of Indiana filed a complaint against James E. Saylor for the recovery of unemployment benefits.  After several unsuccessful

attempts at service, on May 18, 2005, an alias summons was sent by certified mail to Saylor at Putnamville Correctional Facility. It was signed for by "J. Alexander." Appellant's App. Vol. II p. 3. When Saylor did not respond to the complaint, the State obtained a default judgment against him for $1371 plus costs.

[2] Over ten years later, in June 2016, Saylor filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B), asking the trial court to vacate the default judgment against him because he was never served.[1] Following a hearing, the trial court denied Saylor's motion, finding that he did not have a meritorious defense. *Id.* at 6.

[3] On appeal, the State concedes that Saylor "did not receive proper service of the summons issued on May 18, 2005" because he "was released from the custody of the Indiana Department of Correction (IDOC) on April 12, 2005" and therefore was not at Putnamville when the alias summons was mailed to him.[2] State's Verified Mot. to Dismiss the Appeal Without Prejudice and Remand the Case to the Trial Ct., pp. 3, 4.

---

[1] Saylor alleges that he learned about the default judgment when he "filed his first tax return from his Dept. of Corrections PEN Products job in 2015," Appellant's App. Vol. II p. 21, and had his federal income tax return intercepted, *id.* at 29; Tr. Vol. II pp. 3, 9.

[2] Even if Saylor had been at Putnamville at the time, the State concedes that the summons was not served in accordance with Indiana Trial Rule 4.3, which requires that service of summons upon an incarcerated person be made "to the official in charge of the institution," who shall then "immediately deliver the summons and complaint to the person being served" and "indicate upon the return whether the person has received the summons."

[4] If service of process is inadequate, the trial court does not acquire personal jurisdiction over a party, and any default judgment rendered without personal jurisdiction is void. *Norris v. Pers. Fin.*, 957 N.E.2d 1002, 1007 (Ind. Ct. App. 2011); *King v. United Leasing, Inc.*, 765 N.E.2d 1287, 1290 (Ind. Ct. App. 2002); *see also K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006) ("Personal jurisdiction requires that appropriate process be effected over the parties."). Indiana Trial Rule 60(B) provides that "the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: . . . (6) the judgment is void." A defendant seeking relief from judgment based on reason (B)(6) is not required to allege a meritorious claim or defense. Ind. Trial Rule 60(B). A void judgment is a complete nullity and may be attacked at any time. *Stidham v. Whelchel*, 698 N.E.2d 1152, 1156 (Ind. 1998).

[5] Because service of process was inadequate in this case, the trial court did not acquire personal jurisdiction over Saylor. Accordingly, the default judgment entered against Saylor is void, and the trial court erred in denying his Trial Rule 60(B) motion for relief from judgment. We therefore remand this case with instructions for the trial court to vacate the default judgment against Saylor.[3]

[6] Remanded.

---

[3] To the extent Saylor raises other issues, such as we should order the trial court to "reimburse the monies seized from Saylor's Tax Refunds," Verified Mot. to Remand the Case to the Trial Ct. With Insts. to Return of Monies Seized, p. 2, these issues should be addressed on remand.

May, J., and Altice, J., concur.