INTEGRATED HOME TECHNOLO-
GIES, INC., Appellant–Plaintiff,

v.

Margie C. DRAPER, Trustee, et
al., Appellees–Defendants.

No. 29A02–9909–CV–639.

Court of Appeals of Indiana.

Feb. 29, 2000.

Brian E. Weiss, Indianapolis, Indiana,
Attorney for Appellant.

Jordan D. Church, Church, Church, Hittle & Antrim, Noblesville, Indiana, Attorney for Appellees.

## OPINION

MATTINGLY, Judge

Integrated Home Technologies, Inc. ("Integrated Home") asserts that the trial court abused its discretion when it granted "R" Concrete Specialists, Inc.'s ("Concrete Specialists") motion to set aside a default judgment.

We agree, and therefore reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On January 25, 1999, Integrated Home filed a complaint against multiple defendants, one of whom was Concrete Specialists. Proper service was obtained on Concrete Specialists. On April 22, 1999, after no one had appeared or answered on Concrete Specialists' behalf, Integrated Home applied for a default judgment. Default judgment was entered against Concrete Specialists on April 30, 1999.

On May 21, 1999, counsel for Concrete Specialists appeared and filed a Motion to Set Aside Default Judgment. On that same date, without holding a hearing or allowing Integrated Home an opportunity to respond to the motion to set aside, the trial court granted Concrete Specialists' motion and set aside the default judgment. Integrated Home appeals the trial court's action.

### DISCUSSION AND DECISION

■ We review the grant or denial of a Trial Rule 60(B) motion for relief from judgment on an abuse of discretion stan-

dard. *G.H. Skala Constr. Co. v. NPW, Inc.*, 704 N.E.2d 1044, 1047 (Ind.Ct.App. 1998), *trans. denied*, 714 N.E.2d 171 (Ind. 1999). An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.*

■ Initially, we note that Concrete Specialists' motion to set aside does not cite to the subsection of Trial Rule 60(B) under which it sought relief from the default judgment. Although this will not by itself defeat a request for relief, *Id.* at 1047, a party must make an adequate showing that there are sufficient grounds to support the motion. *Greengard v. Indiana Lawrence Bank*, 556 N.E.2d 1373, 1375 (Ind.Ct.App.1990). Concrete Specialists has not made such a showing.

■ Concrete Specialists asserts in its motion that "[n]either plaintiff nor its attorney made any attempt to contact defendant or to give notice that plaintiff intended to file a motion for default judgment or to ascertain why defendant had filed no responsive pleading." (R. at 23.) However, Concrete Specialists does not explain why Integrated Home would have been required to contact or give notice to Concrete Specialists.[1] Concrete Specialists does not allege, as in *Smith v. Johnston*, 711 N.E.2d 1259, 1263 (Ind.1999), that Integrated Home's attorney had knowledge of its representation by counsel. To the contrary, Concrete Specialists indicates that it had recently retained a law firm and made the firm aware of the default judgment. As a result, this provides no basis for its request for relief from default judgment.

Concrete Specialists offers no other basis under Trial Rule 60(B) that would allow

1. While this allegation appears to be the basis for Concrete Specialists' motion, it is not raised in Concrete Specialists' appellate brief. In its brief, Concrete Specialists makes the bald assertion that the grant of the motion was within the trial court's discretion; however, it offers no argument or authority in support of that assertion. Such bald assertions do not suffice as the cogent argument our appellate rules require, *see Young v. Butts*, 685 N.E.2d 147, 149 (Ind.Ct.App.1997); Ind. Appellate Rule 8.3(A)(7), and will not be considered on appeal.

the trial court to set aside the default judgment.[2] As there was no hearing on the motion to set aside, the trial court could not have been made aware of any reasons sufficient under Trial Rule 60(B) to justify setting aside the default judgment. The trial court accordingly abused its discretion in granting Concrete Specialists' motion to set aside the default judgment.

Trial Rule 60(D) generally requires trial courts to hold a hearing on any pertinent evidence before granting relief. *Cornelius v. State,* 575 N.E.2d 20, 21 (Ind. Ct.App.1991). Where there is no "pertinent evidence," however, a hearing is unnecessary. *Public Serv. Comm'n v. Schaller,* 157 Ind.App. 125, 133–34, 299 N.E.2d 625, 630 (1973). We cannot say that a hearing in the present case would have been futile. Although Concrete Specialists' motion to set aside the default judgment presents on its face no basis for relief, it might, at a hearing, be able to demonstrate excusable neglect, mistake, or another valid Trial Rule 60(B) basis for relief.

As a result, we reverse the trial court's grant of Concrete Specialists' Motion to Set Aside Default Judgment, and remand for a hearing on the merits of that motion. *See Spence v. Supreme Heating & Air Conditioning, Inc.,* 437 N.E.2d 1008, 1009 (Ind.Ct.App.1982).

Reversed and remanded.

BAILEY, J., and KIRSCH, J., concur.

---

**2.** Concrete Specialists does allege that it has a meritorious defense to Integrated Home's complaint. However, as Concrete Specialists fails to prove a valid basis under Trial Rule 60(B) to set aside the default judgment, the issue of the presence of a meritorious defense is moot. *See Smith,* 711 N.E.2d at 1265.