## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 29 2018, 6:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Joseph Esparza
New Castle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Esparza,<br>*Appellant-Defendant,*<br><br>v.<br><br>Koren Lopez,<br>*Appellee-Plaintiff*. | June 29, 2018<br><br>Court of Appeals Case No.<br>48A05-1705-PL-1041<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Thomas L. Clem, Judge<br><br>Trial Court Cause No.<br>48C05-1608-PL-102 |

**Mathias, Judge.**

[1] Joseph Esparza ("Esparza") appeals the Madison Circuit Court's entry of default judgment in favor of Koren Lopez ("Lopez"), in Lopez's action for breach of contract. Esparza appeals and argues that deficient service of the summons and complaint and inadequate notice of subsequent hearings and

orders rendered the judgment void for lack of personal jurisdiction. We conclude that Esparza is estopped from raising any challenges to the personal jurisdiction of the trial court and that the trial court did not abuse its discretion when it denied Esparza's motion to set aside the default judgment entered against him. Therefore, we affirm.

## Facts and Procedural History

On September 7, 2010, Esparza entered into an agreement to lease a rental property to Lopez. Compl.; Lease Agreement.[1] The agreement contained an option to purchase the property for the price of $25,000 plus taxes and interest, payable in sixty monthly payments. *Id.* Lopez alleged that she made the sixtieth and final payment on August 7, 2015, and after Esparza refused to close on the property and transfer title to her, Lopez filed suit for breach of contract on August 30, 2016. Compl.

On August 31, 2016, the summons and subpoena, which indicates that the complaint was attached, was served via certified mail to both Esparza's former residence and to the correctional facility where he has been incarcerated during

---

[1]Esparza did not include a copy of the Chronological Case Summary ("CCS") in his Appendix, as is required by Indiana Appellate Rule 50(A)(2)(a). Therefore, we hereby take judicial notice of the CCS and its contents. Because Esparza also did not include any of the original pleadings relevant to the merits of his appeal, and because his terse statement of facts does not clearly explain the facts or procedural posture of the case, we also take judicial notice of several documents filed with the trial court, which we have obtained via the Odyssey case management system. *See Horton v. State*, 51 N.E.3d 1154, 1160–61 (Ind. 2016) (noting that Indiana Evidence Rule 201(b)(5) "now permits courts to take judicial notice of 'records of a court of this state,'" and that such records are presumptively sources of facts "that cannot reasonably be questioned."). Hereinafter we cite to documents from the trial record based upon their titles.

the pendency of this case. A notice, also in the trial court record, indicates that service was returned served at the correctional facility, where it was signed for by "A. Davis." Service Returned Served, Sept. 8, 2016. The other summons, sent to the residential address, was accepted on Esparza's behalf by his wife, Tracy Esparza ("Tracy").

[4] Tracy, who has power of attorney for Esparza, attempted to represent her husband in the instant suit, filing an Answer and Counterclaim on Esparza's behalf on September 26, 2016. A pre-trial conference was held on February 15, 2017, at which Tracy appeared in person and attempted to represent her husband's interests. At that hearing, when the trial court confirmed that Tracy was neither a party to the contract in dispute nor a licensed attorney, the judge informed her that an attorney-in-fact could not represent someone in court, and that her attempt to do so was unauthorized practice of law.

[5] The trial court further explained that Esparza, as the named defendant, either needed to appear *pro se* or retain counsel, and that as Esparza would be unable to appear personally from prison, the latter would be necessary.[2] While noting that the case was ripe for default judgment, at Tracy's request, and with the consent of Lopez's counsel (who wished to resolve the matter amicably because the parties were former friends), the court granted a continuance, giving

---

[2] In fact, the trial court could have allowed Esparza to file personally signed pleadings from prison. Indeed, the court received and ruled on Esparza's accommodation requests filed before the March 1 deadline. However, the trial court is not required to be, nor should it be, a legal resource for unrepresented litigants. *See* paragraph 10, *infra*.

Esparza until March 1, 2017 to retain counsel and file a proper answer to the complaint, or default judgment would be entered in favor of Lopez.

[6] It appears from the CCS and the transcript of the February 15 hearing that the March 1 date was a deadline, rather than a formal hearing. Between February 15 and March 1, Esparza, filed two *pro se* motions seeking accommodations so he could attend the hearing on March 1. One such motion requested that the court order him transported from prison so he could appear at the March 1 hearing in person. The other motion requested that the March 1 hearing be held telephonically and that the corrections staff of the prison be ordered to accommodate his participation in such a telephonic hearing. The trial court denied both motions.[3]

[7] Lopez filed a Motion for Default Judgment on March 7, 2017, which the trial court granted the following day. On March 22, 2017, Esparza then filed what he titled a "Motion for Default Judgment," in which he first asked the court to vacate the entry of default judgment for Lopez because, *inter alia*, he "was not notified directly of court dates or serviced properly pursuant to court rules." Def.'s Mot. for Default ¶ 1. Esparza then requested that the court enter "default" judgment in his favor, asking the court find Lopez in breach of the contract, that

---

[3] We note that the trial court could not order Esparza's transportation from prison to attend a hearing in a civil case unrelated to his incarceration. *See Murfitt v. Murfitt*, 809 N.E.2d 332, 334 (Ind. Ct. App. 2004); *Brown v. State*, 781 N.E.2d 773, 777 n.5 (Ind. Ct. App. 2003); *Zimmerman v. Hanks*, 766 N.E.2d 752, 757 (Ind. Ct. App. 2002); *Hill v. Duckworth*, 679 N.E.2d 938, 939 (Ind. Ct. App. 1997). However, Esparza requested and was entitled to a telephonic hearing, *Sabo v. Sabo*, 812 N.E.2d 238, 246 (Ind. Ct. App. 2004), but he does not contest this issue on appeal. The issue is therefore waived.

he be found the rightful owner of the property, and that Lopez "vacate the premises and repay all due fees, fines, and encumbrances." *Id.* at 2–3.

[8] The court set a hearing for April 5, 2017 to rule on Esparza's motion for "default." Esparza filed another motion requesting that he be transported from prison so that he could attend this hearing. The trial court denied this motion, as it explained to Tracy,[4] because the court found that it lacked the authority to order the transport of a prisoner for a civil claim unrelated to the prisoner's sentence. The trial court reiterated that Esparza was given an opportunity to retain an actual attorney to appear on his behalf, which he had failed to do. Finding that Esparza was properly served notice, and that he had failed to demonstrate mistake, surprise, excusable neglect, fraud, or any other reason for relief, the court denied Esparza's default judgment motion while reaffirming the order granting default judgment for Lopez. Esparza now appeals.

## Discussion and Decision

[9] On appeal, Esparza argues that the default judgment entered against him was void for lack of personal jurisdiction because of allegedly deficient service of the summons and complaint, and because of the court's alleged failures to provide him adequate notice of the February 15, 2017 pre-trial hearing or of the court's order that he retain counsel and file an answer to the complaint by March 1. He

---

[4] Tracy attended this second hearing as well, where the trial court again explained that the attempt to represent her husband was illegal.

asserts the process used to serve him violated his due process rights and was contrary to the provisions of Indiana Trial Rule 4.3. Esparza also argues that the trial court abused its discretion when it entered the default judgment against him, which he argues "was obtained by actions prejudicial to the administration of justice warranting relief," apparently because of the same asserted deficiencies of process and notice. Appellant's Br. at 11. Esparza's jurisdictional challenge and his claim that the trial court abused its discretion are addressed separately below with additional relevant facts.

We note that Lopez has not filed an appellee's brief. When the appellee has failed to submit an answer brief we need not undertake the burden of developing an argument on the appellee's behalf, and we will reverse the trial court's judgment if the appellant's brief presents a case of *prima facie* error. *Norris v. Personal Finance*, 957 N.E.2d 1002, 1006 (Ind. Ct. App. 2011) (citations omitted). The appellee's failure to respond "does not, however, relieve us of our obligation to decide the law as applied to the facts in the record in order to determine whether reversal is required." *Ponziano Const. Servs. Inc. v. Quadri Enterprises, LLC*, 980 N.E.2d 867, 875 (Ind. Ct. App. 2012) (citing *Newman v. State*, 719 N.E.2d 832, 838 (Ind. Ct. App. 1999).

## I. Characterization of Esparza's Motion for "Default" Judgment

For an appeal from a default judgment to be properly before this court, the appellant must have filed in the trial court a motion to set aside the default judgment under Trial Rule 60(b). *In re Estate of Carnes*, 866 N.E.2d 260, 265 (Ind. Ct. App. 2007) (citing *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332, 337

(Ind. 1983)). Therefore, as a preliminary matter, we must decide whether Esparza's motion for default judgment can be properly construed—as he argues it should be—as a motion to set aside default judgment pursuant to Trial Rule 60(b). Although this motion sought to have the default judgment entered in Lopez's favor vacated, it contained no citation to Trial Rule 60(b), let alone the particular subsection of Trial Rule 60(b) under which relief was sought. This motion also does not assert that personal jurisdiction was lacking, or that the default judgment entered against him was consequently void under Trial Rule 60(b)(6), but only asserted that he "was not notified directly of court dates or serviced properly pursuant to court rules." Def.'s Mot. for Default ¶ 1.

[12] On appeal, Esparza argues that because his motion was filed *pro se*, "it is to be liberally construed," as *pro se* documents "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Appellant's Br. at 9 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This quoted passage from *Erickson* is inapposite, as this case was interpreting the requirements of Federal Rule of Civil Procedure 8(a)(2). *See Erickson*, 551 U.S. at 94. In Indiana, it is well settled that a litigant who proceeds *pro se* is held to the same rules of procedure that trained counsel is bound to follow. *Rickels v. Herr*, 638 N.E.2d 1280, 1283 (Ind. Ct. App. 1994); *accord In re Estate of Carnes*, 866 N.E.2d at 265.

[13] A party seeking relief under Trial Rule 60(b) bears the burden of proof, *Wilson v. K.W.*, 497 N.E.2d 244, 246 (Ind. Ct. App. 1986), *trans. denied*, and must specify sufficient grounds in support of their motion to be entitled to relief. *Integrated*

*Home Techs., Inc. v. Draper*, 724 N.E.2d 641, 642 (Ind. Ct. App. 2000). When deciding whether a motion can be properly regarded as a Rule 60(b) motion, we look to the motion's substance rather than its form. *See Town of St. John v. Home Builders Ass'n of N. Indiana, Inc.*, 428 N.E.2d 1299, 1302 (Ind. Ct. App. 1981) (citing *Wilson v. Wilson*, 169 Ind. App. 530, 349 N.E.2d 277 (1976)).

[14] Looking to the substance of Esparza's motion, it does not appear that his failures to cite to Trial Rule 60(b), or to support his claim that notice was deficient with specific details, should prevent us from regarding it as a motion to set aside default judgment under Trial Rule 60(b). Moreover, the trial court seems to have regarded it as a Trial Rule 60(b) motion; in denying it, the trial court found that it had jurisdiction over Esparza and that he was properly served notice. The trial court also found that Esparza had "fail[ed to] set forth or demonstrate mistake, surprise, excusable neglect, fraud, or provide any other reason for Relief from Judgment," Order Denying Def.'s Mot. for Default ¶ 3, which tracks the language of Trial Rule 60(b)(1), (3), and (8).[5]

---

[5] These findings were possibly prompted by Esparza's other claims supporting the request that the motion for default judgment be set aside, which read: "Power of Attorney (POA) was informed they could not represent Defendant in court, so attendance as pro se was entered within time allotted by the court[;] The Plaintiff attorney [sic] sent pertinent information and questions to POA only and in her name[; and] Defense was prepared at time of pretrial conference by POA to prove case only to be told she could not represent defendant by being his POA and not an attorney also the plaintiff was not prepared to proceed at said time." Def.'s Mot. for Default ¶¶ 2–4 (numbers removed). As Esparza's brief does not reiterate any of these arguments, they are waived on appeal, and we do not address them here. See Ind. Appellate Rule 46(A)(8)(a).

While the motion's lack of particularity or factual support doubtlessly leaves Esparza with less room to argue that the trial court abused its discretion in denying it, Esparza's motion was still, in substance, a request to set aside default judgment under Trial Rule 60(b). Esparza's appeal of the default judgment entered in Lopez's favor is therefore properly before us.

## II. Personal Jurisdiction

Esparza seems to assert that the default judgment entered against him is void for lack of personal jurisdiction and must be reversed pursuant to Trial Rule 60(b)(6). A judgment entered without personal jurisdiction is void unless the jurisdictional defect is waived. *Stidham v. Whelchel*, 698 N.E.2d 1152, 1155 (Ind. 1998). Unlike the lack of subject matter jurisdiction, the lack of personal jurisdiction must be raised at the earliest possible opportunity or the objection is waived. *Kondamuri v. Kondamuri*, 799 N.E.2d 1153, 1158–59 (Ind. Ct. App. 2003) (citing *Foor v. Town of Hebron*, 742 N.E.2d 545, 549 (Ind. Ct. App. 2001)), *trans. denied*. Once a defendant properly makes and preserves their challenge to personal jurisdiction, they may proceed with a defense on the merits without waiving the jurisdictional issue. *State v. Omega Painting, Inc.*, 463 N.E.2d 287, 292 (Ind. Ct. App. 1984).

However, even when the objection is properly preserved, a party will be estopped from challenging the court's jurisdiction where the party has voluntarily availed itself or sought the benefits of the court's jurisdiction. *Kondamuri*, 799 N.E.2d at 1158–59 (citing *Herdrich Petroleum Corp. v. Radford*, 773 N.E.2d 319, 323 (Ind. Ct. App. 2002), *trans. denied*). Thus, while a timely objection to a lack of personal jurisdiction will prevent waiver and allow a defendant to proceed with a defense

on the merits, the defendant "may still be estopped from raising a jurisdictional challenge '[if [their] subsequent actions . . . go beyond matters of defense and seek affirmative relief from the court.'" *Allen v. Proksch*, 832 N.E.2d 1080, 1096–97 (Ind. Ct. App. 2005) (quoting *Hotmix & Bituminous Equip. Inc. v. Hardrock Equip. Corp.*, 719 N.E.2d 824, 830 (Ind. Ct. App. 1999)).

[18]    Actions which are seen as a preliminary step in the preparation of a defense on the merits will not be regarded as requests for affirmative relief resulting in estoppel of a jurisdictional challenge. *See El v. Beard*, 795 N.E.2d 462, 466 (Ind. Ct. App. 2003) (finding that motion for costs and attorney fees was filed in order to permit the creation of a defense on the merits and was not a request for affirmative relief); *Omega Painting, Inc.*, 463 N.E.2d 287 at 293 (finding that interrogatories filed seeking to generate a defense on the merits were not requests for affirmative relief, but that a jurisdictional challenge was nonetheless waived because interrogatories were filed before preservation of the defense).

[19]    But an action that neither asserts nor is made in preparation of a defense on the merits will be regarded as a request for affirmative relief. *See, e.g.*, *Allen*, 832 N.E.2d at 1096–97 (holding that father in a custody dispute, despite properly preserving objection to trial court's personal jurisdiction, was nonetheless estopped from challenging it because he filed motions seeking, *inter alia*, that the child's grandmother and current guardian be held in contempt and that the trial court make a ruling on his motion for modification of custody); *cf. Hotmix & Bituminous Equip.*, 719 N.E.2d at 830 (holding that while permissive counterclaims are requests for affirmative relief, a compulsory counterclaim

was not where it was filed contemporaneously with an answer properly asserting the jurisdictional challenge) (citations omitted).

[20] Here, we first note that waiver and estoppel can only be effected by the actions of a party possessing rights. *Stidham*, 698 N.E.2d at 1155. Thus the answer and counterclaim Tracy filed, which asserted neither a lack of personal jurisdiction nor a defect in service of process, cannot constitute a waiver of Esparza's right to challenge personal jurisdiction. As Tracy was not an attorney, she lacked the authority to answer on her husband's behalf and therefore could not waive any defenses on his behalf either.

[21] Assuming *arguendo* that Esparza properly preserved the jurisdictional challenge in his motion's first paragraph,[6] he is still estopped from raising it because he also made, in the same motion's final paragraph, a request for affirmative relief. After challenging the merits of the default judgment entered against him, Esparza went on to assert, *inter alia*, that Lopez had failed to make the final agreed-upon payment, with the apparent object of showing that Lopez was in breach of their contract. Had Esparza stopped there and only made these assertions as a defense on the merits, then he would not be estopped from challenging personal jurisdiction. However, Esparza went on to conclude his motion by requesting that the trial court find Lopez in breach of their contract, that he be found the "holder [of the property] in due course," that the trial court

---

[6] In this first paragraph, Esparza asserted that: "Defendant was not notified directly of court dates or serviced properly pursuant to court rules." Def.'s Mot. for Default.

order Lopez to "vacate the premises and repay all due fees, fines, and encumbrances," and that he be granted "all other relief just and proper in the premises." *Id.* at 3.

[22] By seeking a judgment to the effect that he was the rightful owner of the property, and by seeking to have Lopez evicted and ordered to pay him fines, Esparza went beyond a defense on the merits and sought affirmative relief. Having sought to avail himself of the benefits of the trial court's jurisdiction, Esparza consented to the court's authority over his person and is estopped from challenging it now on appeal.

### III. Abuse of Discretion

[23] Esparza's only remaining argument is that the "trial court abused its discretion in not setting aside its [sic] granting the plaintiff's motion for default judgment because the Appellant has shown that he is entitled to relief from judgment." Appellant's Br. at 11. Virtually all of Esparza's assertions in his brief are directed toward supporting his argument that the judgment entered against him was void for lack of personal jurisdiction under Trial Rule 60(b)(6). He does not cite to another subsection of Trial Rule 60(b), nor does he specify a separate legal ground which would entitle him to relief. He seems to support his abuse of discretion claim only by arguing that he was prejudiced by the same alleged deficiencies of service and inadequacy of notice which he used to support his attack on the trial court's personal jurisdiction. Thus, while we find that it is unnecessary to address the merits of Esparza's jurisdictional arguments because

he is estopped from making them, we must briefly examine the nature of his claims to the extent that his abuse of discretion argument also turns on them.

[24] Esparza "challenges the adequacy of the summons" and asserts that his service of process was deficient because the manner of service was contrary to the requirements of Trial Rule 4.3[7] and violated his due process rights. Appellant's Br. at 9. Esparza claims the summons were "issued to [an] address other than where [he] was located and resides." *Id*. at 5. This appears to be technically true, as the CCS does show that the summons was served at Esparza's residential address and signed for by Tracy. CCS entry, Sept. 14, 2016. However, Esparza notably failed to cite to or mention the immediately preceding entry in the CCS which proves that the summons and subpoena were also delivered to and received at the prison where Esparza did and does reside. CCS entry, Sept. 8, 2016. The return of service indicates that the summons was signed for at the prison by "A. Davis" but does not indicate whether it was given to Esparza. Esparza's brief contains scant discussion of the summons and complaint, and makes it unclear whether he means to assert that he never

---

[7] Trial Rule 4.3 provides that: "Service of summons upon a person who is imprisoned or restrained in an institution shall be made by delivering or mailing a copy of the summons and complaint to the official in charge of the institution. It shall be the duty of said official to immediately deliver the summons and complaint to the person being served and allow him to make provisions for adequate representation by counsel. The official shall indicate upon the return whether the person has received the summons and been allowed an opportunity to retain counsel."

received service of process at all, or only that its manner was noncompliant with Trial Rule 4.3.[8]

[25]     Esparza also asserts that the court failed to properly serve him with several notices of hearings and orders. He cites entries in the CCS that show the automated notices of the pre-trial conference on February 15, 2017 and the hearing journal entry following this first hearing were served upon Esparza's residential address and returned not served. Esparza appears to argue that his due process rights were violated either by the court's failure to notify him of the pre-trial conference on February 15, 2017, or by the court's failure to notify him of this hearing's disposition (namely, the court's order to the effect that he had until March 1, 2017 to retain counsel and file an answer to the complaint or judgment would be entered against him). Esparza appears to argue that he received no notice of this pre-trial conference but does not deny that he had actual knowledge of the substance of the trial court's order.[9]

---

[8] For example, Esparza argues that despite knowing that he was incarcerated, Lopez "failed to serve him at his [prison] address *pursuant to the trial rules*." Appellant's Br. at 9 (emphasis added).

[9] Rather, Esparza argues that "[e]ven if" Tracy (who attended the pre-trial conference) informed him of the court's order, "actual knowledge of the pending lawsuit derived from sources other than service is not relevant to the question [of] whether the manner of service satisfies due process." *Id*. at 10–11 (quoting *Washington v. Allison*, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992)). We note that while actual knowledge obtained from other sources indeed does little to indicate whether a method of service was "reasonably calculated to inform the person that an action has been instituted against him," and thus whether due process was violated and jurisdiction was lacking, *see Reed Sign Service, Inc. v. Reid*, 755 N.E.2d 690, 696 (Ind. Ct. App. 2001), *trans. denied*, actual knowledge of the court's order that Esparza retain counsel and file a response would tend to defeat a claim that he was prejudiced by the allegedly inadequate notice.

Turning now to Esparza's claims that he was prejudiced by these alleged deficiencies of service and notice, he asserts that:

> The record will unequivocally reveal the fact that the Appellant was never properly served and he filed a motion to transport and telephonic hearing to find out exactly what in fact was going on because he had not made an appearance or hired an attorney. The Appellant was never able to file his response to the complaint because of the defective service.

Appellant's Br. at 11.

These claims could possibly be construed as an argument that Esparza is entitled to equitable relief under Trial Rule 60(b)(8), or else as an argument that the judgment against him should have been set aside for "mistake, surprise, or excusable neglect" pursuant to Trial Rule 60(b)(1). If Esparza intended either argument, he fails to provide support for either. It appears from the record that the method of service was noncompliant with Trial Rule 4.3 insofar as the summons and complaint were addressed directly to Esparza rather than to "the official in charge of the institution" where he was incarcerated, and because the officer receiving the summons failed to indicate whether it was given to Esparza. Summons; Service Returned Served, Sept. 8, 2016. However, Esparza does not clearly deny that he received the summons and complaint notwithstanding this noncompliant method of service, nor does he explain how it resulted in any prejudice to him or was responsible for his inability to respond to the complaint.

Moreover, the record shows, and Esparza does not deny, that he had actual knowledge of the substance of the trial court's order that he retain counsel and

file an answer. Neither does he assert that he received late notice of the order, nor does he provide any other explanation of how the allegedly inadequate notice of the order should excuse his failure to comply with it. Indeed, Esparza filed two requests for accommodation before the March 1 deadline each of which indicates that Esparza knew "exactly what was going on," directly contrary to the opposite claim made in his brief.

[29] It is well settled that *pro se* litigants are held to the same standards as are attorneys, are bound to follow the same standards of procedure, and must be prepared to accept the consequences of their failure to do so. *Basic v. Amouri*, 58 N.E.3d 980, 983–84 (Ind. Ct. App. 2016) (citations omitted), *reh'g denied*. Among these consequences are waiver for failure to present a cogent argument on appeal. *Id.* at 984. "While we prefer to decide issues on the merits, where the appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived." *Id.* (quoting *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n. 1 (Ind. Ct. App. 2014), *trans. denied* (citing Ind. Appellate Rule 46(A)(8)(a)). We will not become an "advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Id.*

[30] We conclude that Esparza has failed to make a cogent argument explaining how allegedly deficient service of process and notice were actually prejudicial to his case or responsible for his failure to appear or comply with the court's order that he retain counsel and file a response. Given the paucity of support supplied for Esparza's claim that he was prejudiced, we cannot say that he has

demonstrated that the trial court's decision was "clearly against the logic and effect of the facts and inferences supporting the judgment," and that the trial court thus abused its discretion. *Thomison v. IK Indy, Inc.*, 858 N.E.2d 1052, 1055 (Ind. Ct. App. 2006) (citing *Swiggett Lumber Constr. Co. v. Quandt*, 806 N.E.2d 334, 336 (Ind. Ct. App. 2004)). Much less has Esparza established the "exceptional circumstances justifying extraordinary relief" required to invoke the trial court's residual powers under Trial Rule 60(b)(8). *Brimhall v. Brewster*, 864 N.E.2d 1148, 1153 (Ind. Ct. App. 2007), *trans. denied* (citing *Indiana Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276). We therefore conclude that the trial court did not abuse its discretion in denying Esparza's motion to set aside the default judgment entered against him.

## Conclusion

[31]   Esparza sought affirmative relief from the trial court and is therefore estopped from challenging its judgment as void for lack of personal jurisdiction. In addition, Esparza has failed to present a cogent argument that allegedly inadequate service of process prejudiced him, when at all relevant times he had actual notice of the proceedings and filed motions for accommodation which were denied by the court. Therefore, the trial court did not abuse its discretion in denying his motion to set aside the default judgment entered against him.

[32]   We affirm.


Riley, J., and May, J., concur.