## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 19 2018, 9:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

Amy M. Rae
Lake Village, Indiana

Michael Rae
Demotte, Indiana

ATTORNEYS FOR APPELLEES

Phillip A. Norman
Jennifer L. Snook
Marinosci Law Group, PC
Valparaiso, Indiana

Darren A. Craig
Bryan S. Strawbridge
Frost Brown Todd, LLC
Indianapolis, Indiana

Curtis T. Hill, Jr.
Attorney General of Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Rae and Amy M. Rae,

*Appellants-Plaintiffs,*

v.

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individual but as Trustee for Hilldale Trust, *et al.,*

*Appellees-Defendants.*

October 19, 2018

Court of Appeals Case No.
37A03-1712-PL-2873

Appeal from the Jasper Circuit Court

The Honorable John Potter, Judge

Trial Court Cause No.
37C01-1503-PL-236

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellants-Plaintiffs, Michael Rae (Michael) and Amy M. Rae (Amy) (collectively, Raes), appeal the trial court's denial of their joint motion for relief under Trial Rule 60(B), alleging that newly discovered evidence established fraud on the part of Appellees-Defendants, Wilmington Savings Fund Society, FSB d/b/a/ Christiana Trust, not individual but as Trustee for Hilldale Trust (Hilldale Trust), Bank of America, N.A., Franklin American Mortgage Co. (Franklin American), and Mortgage Electronic Registration Systems, Inc. (MERS).

We affirm.

## ISSUE

The Raes present four issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court abused its discretion in denying the Raes' joint motion for relief under Indiana Trial Rule 60(B).

## FACTS AND PROCEDURAL HISTORY

In August 2008, the Raes executed a promissory note in favor of Franklin American in the amount of $176,102. The note was secured by a mortgage on certain real property located in Jasper County, Indiana. The mortgage was executed in favor of MERS as nominee for Franklin American, and the mortgage was recorded with the Jasper County Recorder's Office on August 8,

2008. The mortgage was subsequently assigned to Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP, and the assignment was recorded with the Jasper County Recorder's Office on June 13, 2012. The mortgage was then assigned to Newbury REO, LLC, and the assignment was recorded with the Jasper County Recorder's Office on September 13, 2013. On August 27, 2015, a corrective assignment of mortgage was recorded with the Jasper County Recorder's Office, which corrected the assignee of the mortgage from Newbury REO to Ventures Trust.

[5] Franklin American executed an endorsement of the promissory note to Countrywide Bank, FSB, which then executed an endorsement to the Secretary of Housing and Urban Development of Washington, D.C. and his/her successors and assigns. An allonge to the note was subsequently executed which indicated a transfer of interest in the note to Newbury REO and then to Ventures Trust.

[6] On March 25, 2015, Michael filed a *pro se* Complaint to quiet title to the property because he did not know who owned his mortgage, naming numerous defendants, including Ventures Trust, MERS, Franklin American, and Newbury REO. Newbury REO filed an answer stating that it owned the mortgage and note. On September 8, 2015, after the corrective assignment of mortgage had been recorded indicating that Ventures Trust was the proper assignee of the mortgage, Ventures Trust filed its Answer to Michael's Complaint and a counterclaim for foreclosure of his mortgage.

[7] On January 4, 2016, Michael filed a third-party claim of wrongful foreclosure against Bank of America. Bank of America filed a motion to dismiss the third-party claim on January 19, 2016, which was granted by the trial court. In February 2016, Ventures Trust filed its motion for summary judgment and request for decree of foreclosure and designated an affidavit of debt indicating the Raes' mortgage default in the amount of $224,848.60. In addition to the pleadings, Ventures Trust designated a copy of the original promissory note signed by the Raes, the allonge, the mortgage, and all assignments thereto.

[8] On November 16, 2016, the trial court granted summary judgment and entered a decree of foreclosure and judgment against the Raes in favor of Ventures Trust. Specifically, the trial court concluded that the designated evidence established that Ventures Trust is the holder and owner of the promissory note and mortgage on the property and that Ventures Trust was entitled to foreclose its mortgage as a lien against the property to satisfy the debt secured by the mortgage. Consequently, the trial court entered judgment against Amy and an *in rem* judgment against Michael in the sum of $224,848.60, and ordered the property sold to satisfy the judgment. Subsequent to the entry of judgment, Ventures Trust assigned its judgment to Hilldale Trust, and Hilldale Trust was substituted for Ventures Trust as the proper party.

[9] On December 8, 2016, Amy filed a *pro se* motion to vacate the judgment of foreclosure, which was denied by the trial court on December 14, 2016. Thereafter, the Raes filed a *pro se* joint notice of appeal, contesting the trial court's summary judgment order and decree of foreclosure. On July 10, 2017,

this court affirmed the summary judgment in favor of Hilldale Trust, holding that Hilldale Trust had proven its *prima facie* case to foreclose the note and the mortgage. *See Rae v. Ventures Trust, et al.*, 37A03-1612-PL-2874 (Ind. Ct. App. July 10, 2017).

On October 11, 2007, upon conclusion of the appellate case, the Raes filed a joint motion for relief from judgment with the trial court. Six days later, Hilldale Trust filed its response to the joint motion. On October 23, 2017, Bank of America and MERS filed their response. On November 7, 2017, the trial court denied the Raes' joint motion for relief from judgment without a hearing.

The Raes now appeal. Additional facts will be provided as necessary.

# FACTS AND PROCEDURAL HISTORY

The Raes contend that the trial court abused its discretion in denying their joint motion for relief from judgment pursuant to Indiana Trial Rule 60(B). Indiana Trial Rule 60(B) provides a mechanism by which a party may obtain relief from the entry of a final judgment. *Laflamme v. Goodwin*, 911 N.E.2d 660, 663 (Ind. Ct. App. 2009). "A motion made under T.R. 60(B) is addressed to the equitable discretion of the trial court, and we will reverse only upon an abuse of that discretion." *Brimhall v. Brewster*, 864 N.E.2d 1148, 1152-53 (Ind. Ct. App. 2007), *trans. denied*. An abuse of discretion occurs when the judgment is clearly against the logic and effect of the facts and inferences supporting the judgment. *Breneman v. Slusher*, 768 N.E.2d 451, 461 (Ind. Ct. App. 2002), *trans. denied*. When reviewing the trial court's judgment, we will not reweigh the evidence or

substitute our judgment for that of the trial court. *Id.* The movant bears the burden of establishing grounds for relief under T.R. 60(B). *Brimhall*, 864 N.E.2d at 1153. T.R. 60(B) is meant to afford relief from circumstances which could not have been discovered during the period a motion to correct error could have been filed; it is not meant to be used as a substitute for a direct appeal or to revive an expired attempt to appeal. *Indiana Ins. Co. v. Insurance Co. of North America*, 734 N.E.2d 276, 279 (Ind. Ct. App. 2000).

[13] IndianaTrial Rule 60(B) provides in pertinent part as follows:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect:
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> * * * *
>
> The motion shall be filed . . . not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

Relying on the newly discovered evidence and fraud prongs of T.R. 60(B), the Raes assert that they are entitled to relief from the trial court's judgment.

## I. *Newly Discovered Evidence*

[14] When a new trial is sought based on newly-discovered evidence pursuant to Indiana Trial Rule 60(B)(2), the appellant must show, among other things, that the evidence could not have been discovered before trial by the exercise of due diligence. *State Farm Fire & Cas. Co. v. Radcliff*, 18 N.E.3d 1006, 1013 (Ind. Ct. App. 2014), *trans. denied*. A bare assertion that reasonable diligence has been used is insufficient to show due diligence; the appellant must set out facts showing due diligence has been exercised. *Id*. Moreover, a finding of due diligence does not rest upon abstract conclusions about, or assertions of, its exercise but upon a particularized showing that all the methods of discovery reasonably available to counsel were used and could not uncover the newly-found evidence. *Id*. It has been long recognized that a litigant is obliged "to search for evidence in the place where, from the nature of the controversy, it would be most likely to be found." *Id.*

[15] Without any supporting documentation, the Raes baldly assert that they have "received new evidence from the FDIC Federal Deposit Insurance Corporation website August 22, 2017 that the FDIC acquired all assets, mortgages and mortgage backed securities as the Receiver of Colonial Bank on August 14, 2009." (Appellant's App. Vol. II, p. 9). The Raes maintain that "[s]ubsequently the FDIC sold all assets of Colonial Bank as the Receiver on

August 14, 2009 including the [Raes'] note and rights to their mortgage to BB&T Branch Bank and Trust." (Appellant's App. Vol. II, p. 9).

[16] Despite the Raes' claim that they just recently discovered the newly-found evidence that their loan was sold or otherwise transferred, they fail to include a particularized showing that they conducted all methods of reasonably available discovery. Moreover, in their joint motion, the Raes concede that they already presented "the issues of Ro-Bo signing lack of standing and fraudulent mortgage assignments in the proceedings in this case, and at the [s]ummary [j]udgment hearing and in [their] Verified Quiet Title Complaint." (Appellant's App. Vol. II, p. 7). Accordingly, the Raes allegation of newly-discovered evidence fails under the requirements of T.R. 60(B)(2).

[17] In a related argument, the Raes allege that the trial court abused its discretion by not granting them a hearing on their joint motion in accordance with T.R. 60(D). Indiana Trial Rule 60(D) generally requires trial courts to hold a hearing on any pertinent evidence before granting relief. *Integrated Home Tech., Inc. v. Draper*, 724 N.E.2d 641, 643 (Ind. Ct. App. 2000). "Where there is no 'pertinent evidence,' however, a hearing is unnecessary." *Id*. During the summary judgment proceeding, which was affirmed on appeal, Hilldale Trust established that it was the holder of the note and mortgage and entitled to enforce its rights derived from these documents. Therefore, the alleged new assertion of an assignment of rights by FDIC to BB&T Branch Bank and Trust is not pertinent and therefore a hearing was not necessary.

## II. *Fraud*

[18] In order to prevail on a fraud allegation, the Raes "must establish that an unconscionable plan or scheme was used to improperly influence the court's decision and that such acts prevented the losing party from fully and fairly presenting its case or defense." *State Farm Fire & Cas. Co.*, 18 N.E.3d at 1013. Fraud on the court has been narrowly applied and is limited to the most egregious of circumstances involving the courts. *Id.* To prove fraud on the court, it is not enough to show a possibility that the trial court was misled; rather, there must be a showing that the trial court's decision was actually influenced. *Id.*

[19] The Raes maintain that "Ventures [Trust] committed fraud on the [c]ourt when they knowingly filed a note that was not a copy of the original[,] leading the [c]ourt to enter judgment against the [Raes] by way of fraud." (Appellant's Br. p. 9). However, the Raes presented this exact same argument to the trial court during the summary judgment proceeding and then again to the court of appeals. On appeal, we rejected the claim of "forgery and fraud" and concluded that "[i]t is undisputed that Ventures Trust produced what the trial court determined was a certified copy of the original promissory note, including the allonge and endorsements to the Ventures Trust, for inspection at the time it moved for summary judgment and again at the summary judgment hearing." *See Rae v. Ventures Trust, et al.*, 37A03-1612-PL-2874 (Ind. Ct. App. July 10, 2017). Accordingly, as the fraud allegation is not new and we have already

decided it, it cannot be presented again by way of a motion for relief of judgment pursuant to Indiana Trial Rule 60(B).

# CONCLUSION

[20] Based on the foregoing, we hold that the trial court properly denied the Raes' joint motion for relief under Indiana Trial Rule 60(B).

[21] Affirmed.

[22] Vaidik, C. J. and Kirsch, J. concur